## S02A0674. WRIGHT v. THE STATE.
### (570 SE2d 280)

SEARS, Presiding Justice.

Appellant Edward Clayton Wright appeals the trial court's denial of his motion to withdraw a guilty plea, claiming that the plea was not knowingly, intelligently, and voluntarily entered. Finding no error in the trial court's ruling, we affirm.

Appellant pled guilty to murdering, robbing, and concealing the body of his 28-year-old daughter. At the guilty plea hearing, the State stated it was prepared to prove that appellant struck his daughter in the head with a blunt object, killing her. Appellant then took jewelry from his daughter's body, dismembered the body with a chainsaw, and placed the body parts in plastic bags. He then hired another man, Aeger, to bury the body parts. After the State announced its intention to seek the death penalty, appellant pled guilty to the crimes charged against him and was sentenced to life in prison.

Appellant then filed a pro se motion to withdraw his plea. A hearing on the motion was held, at which appellant was represented by new counsel. The trial court denied appellant's motion and this appeal follows.

1. Having reviewed the record, we conclude that when accepting appellant's guilty plea, the trial court complied with all the requirements of the Uniform Superior Court Rules ("USCR"). The trial court determined that there was an adequate factual basis for the plea.[1] The court also ensured that appellant understood the rights being waived by the plea, the nature of the charges against him, the maximum and mandatory minimum sentences on those charges, and the terms of his negotiated plea.[2] Appellant stated that he entered his

[1] USCR 33.9.
[2] USCR 33.8.

plea voluntarily and without coercion, and was not under the influence of intoxicants. Accordingly, we find no procedural irregularities concerning appellant's plea.

2. Although a guilty plea may be withdrawn anytime before sentencing, once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice.[3] In an attempt to make this showing, appellant argues that before entering his guilty plea, he was misled by one of his two attorneys about the evidence that would be used against him if he went to trial. Appellant claims that this attorney told him Aeger had entered a guilty plea in connection with his burial of the victim's body parts, and would testify against appellant, when in fact Aeger had not pled guilty. The record, however, tends to belie this claim as it shows that before the guilty plea hearing, the State informed appellant and his counsel that it had asked the trial court to "grant use immunity to witness Joe Aeger," thereby implying that Aeger had not pled guilty.

Furthermore, we do not believe that even if he was told Aeger had pled guilty, appellant could have been induced to enter a plea. The only consideration with relevance to the question of what evidence would be used against appellant at trial, and hence could have influenced appellant's decision to plead guilty, was whether Aeger would have testified at appellant's trial. Whether Aeger would have testified in exchange for immunity or as part of a plea arrangement would have been immaterial to appellant's consideration of the evidence that faced him if he went to trial, and hence could not have influenced his decision to plead guilty.

3. Appellant argues that one of his two attorneys labored under a conflict of interest that resulted in inadequate performance. However, as found by the trial court, this argument is based upon speculation and comments made by a fellow inmate who was also represented by that particular attorney. Moreover, appellant states that he received competent representation from co-counsel, and he concedes that both the attorney he complains of and co-counsel rendered the same advice.

4. The record fails to support appellant's claim that he was not given access to those transcripts and court filings that were relevant to his motion to withdraw his guilty plea.

5. For the reasons outlined above, we conclude that appellant has failed to demonstrate that a manifest injustice will result unless his guilty plea is withdrawn. Accordingly, the trial court's decision not to allow withdrawal is affirmed.

*Judgment affirmed. All the Justices concur.*

---

[3] USCR 33.12; *State v. Evans*, 265 Ga. 332, 336 (454 SE2d 468) (1995).

DECIDED SEPTEMBER 23, 2002.

*Caleb B. Banks, Darden, Burns & Burns, Richard M. Darden*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.