## S02A1480. JOHNSON v. THE STATE.
(570 SE2d 289)

FLETCHER, Chief Justice.

Joseph Johnson, Jr., pleaded guilty to the felony murder and armed robbery of Prem Sharma and was sentenced to life imprisonment.[1] He appeals the trial court's denial of his motion to withdraw his guilty plea, contending that he was coerced into making the plea and his trial counsel was ineffective in misinforming him about the law on recidivism. Because Johnson made a voluntary and intelligent choice to plead guilty and trial counsel's performance did not affect the outcome of the plea process, we affirm.

Johnson and his accomplice, Bruke Tesfaye, were charged in the same indictment with one count of malice murder, aggravated assault, and firearm possession and two counts of felony murder, armed robbery, and kidnapping. The grand jury indicted Johnson on an additional count for possession of a firearm by a convicted felon. Their cases were severed for trial, and a jury convicted Tesfaye on all

[1] The crimes occurred on April 14, 1997. Johnson was indicted on December 14, 1999; he entered the guilty plea and the trial court sentenced him on February 1, 2000. After a hearing on the motion to withdraw the guilty plea on September 24, 2001, the trial court denied the motion on October 25, 2001. Johnson filed a notice of appeal on November 8, 2001. The record was filed in the clerk's office on June 13, 2002, and the case was submitted for decision on written briefs on August 12, 2002.

counts.[2] Johnson attended Tesfaye's sentencing hearing at the suggestion of trial counsel and saw Tesfaye receive two consecutive life sentences and an additional 40 years consecutive imprisonment. Later that day, Johnson waived his right to a jury trial and entered his guilty plea to the charges of felony murder and armed robbery. Following the entry of his plea, the trial court merged the armed robbery count into the felony murder count and sentenced Johnson to one term of life imprisonment, and the State placed the remaining eight counts on the dead docket.

1. Johnson contends that he did not knowingly and voluntarily enter his guilty plea because he was ignorant about the law and his trial counsel coerced him into entering the plea by making him view the sentencing of Tesfaye.

To establish that a guilty plea is valid, the record must show that the defendant understood and intelligently entered the plea.[3] The trial court must determine that the plea is voluntary, the defendant understands the nature of the charges, and there is a factual basis for the plea. In addition, the trial court must inform the defendant of the rights being waived, the terms of any negotiated plea, and the minimum and maximum possible sentences.[4]

The record shows that the State presented the factual basis for Johnson's plea and his knowing and voluntary entry of the plea. At the plea hearing, the assistant district attorney said that she was prepared to prove that Johnson, along with Tesfaye, entered Sharma's liquor store with a gun, beat and shot Sharma, stole $400 from the cash register, took the victim's car keys, and drove away in the victim's van. The State established that Johnson was not under the influence of alcohol or drugs, understood the charges and possible sentences, and understood the rights that he would be waiving by pleading guilty, including his right to have a trial by jury. Johnson then stated that he wished to plead guilty to the two counts and signed the indictment indicating his plea. In response to more questions, he said that he had entered his plea voluntarily and had not been forced, threatened, or coerced into pleading guilty. At the hearing on his motion to withdraw the guilty plea, Johnson explained that he had not wanted to view his co-defendant's sentencing hearing and felt that scare tactics were used to get him to plead guilty, but he also testified that he did not really feel forced and only felt coerced "in a way." Because the record shows that Johnson was correctly

---

[2] See *Tesfaye v. State*, 275 Ga. 439 (569 SE2d 849) (2002) (affirming convictions and remanding for reduction of 25-year sentence for armed robbery to maximum 20-year sentence).

[3] See *Jackson v. State*, 271 Ga. 705 (523 SE2d 871) (1999).

[4] See *Wright v. State*, 275 Ga. 497 (570 SE2d 280) (2002); *Jackson*, 271 Ga. at 707.

informed about the constitutional rights he was waiving and the possible sentences against him and he was not coerced into pleading guilty, we conclude that he made a knowing, voluntary, and intelligent plea of guilty.

2. Johnson also contends that he received ineffective assistance of counsel due to his trial counsel's failure to adequately explain the law on recidivism. To establish ineffective assistance of counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, he would have insisted on a jury trial rather than pleading guilty.[5]

Assuming that trial counsel did give Johnson erroneous advice about the consequences of being punished as a recidivist under OCGA § 17-10-7 (a), the record does not support the defendant's contention that he would have chosen to go to trial if his trial counsel had correctly informed him about the statute, which provides for the maximum possible sentence for a second offense. At the plea hearing, Johnson was informed of the maximum sentence for each charge in the indictment; knew the punishment that his co-defendant, who was not a recidivist, received after a jury trial; knew the State had filed a notice of intent to seek the maximum punishment based on his prior conviction; was informed that the State would withdraw that notice to seek recidivist punishment if he pleaded guilty; and knew that the negotiated plea, if accepted by the trial court, would result in a sentence that was less than his co-defendant had received. Because Johnson has not shown that he would have insisted on going to trial but for the advice of counsel on the effect of the recidivist statute, we conclude that he has failed to prove the prejudice requirement of the test for ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*John W. Kraus*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

---

[5] See *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985).