## S06A1126. RIOS v. THE STATE.
(637 SE2d 20)

HUNSTEIN, Presiding Justice.

Luis Rios appeals from the judgment of conviction and sentence entered on his guilty plea, arguing that defense counsel was ineffective and that the trial court erred by denying his motion to withdraw his plea. Finding no error, we affirm.

1. At the guilty plea hearing, the State presented the facts it would prove, the trial court found a sufficient factual basis upon which to accept the guilty plea, and Rios admitted that the State could prove each and every element of the crimes charged. The facts as set forth by the State established that Rios, a convicted felon, shot and killed Paul Trammel Ellis and committed an aggravated assault against Ellis's wife during a convenience store robbery. Rios was apprehended within minutes of the crime.

Rios pled guilty to murder, armed robbery, kidnapping, and related offenses and was sentenced to two life sentences plus fifty-five years.[1] At the plea hearing, where Rios was represented by counsel, Rios signed a statement acknowledging that he understood the plea and the rights he was waiving. The trial judge reviewed the rights Rios would be waiving by pleading guilty, see *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), and Rios waived those rights. The judge also explained to Rios that he would not be eligible for parole for at least 20 years. Rios pled guilty but within the same term of court filed a motion to withdraw his plea, which the trial court denied.

2. On appeal, Rios argues the trial court erred in denying his motion to withdraw his plea because the plea resulted from his counsel's ineffective assistance. "[A] defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' . . . [Cits.]" *Harden v. Johnson*, 280 Ga. 464 (629 SE2d 259) (2006).

Rios claims his counsel's performance was ineffective because she spent an inadequate amount of time conferring with him prior to the plea hearing and because she told Rios he would serve less than

---

[1] The crimes occurred on August 18, 2004. Rios was indicted by a Gordon County grand jury on February 4, 2005, on charges of murder, armed robbery, kidnapping, burglary, aggravated assault, false imprisonment, violation of the Georgia Controlled Substances Act, possession of a firearm during commission of a crime, and possession of a firearm by a convicted felon. He pled guilty on October 26, 2005. He filed a motion to withdraw his plea on November 21, 2005, which was denied on February 2, 2006. On February 24, 2006, Rios filed a notice of appeal in the Court of Appeals. The appeal was transferred to this Court by order dated March 10, 2006, docketed in this Court on March 21, 2006, and submitted for decision on the briefs.

20 years. We find, however, that Rios failed to meet his burden of showing any deficiency in trial counsel's performance. Counsel testified at the hearing on the motion to withdraw that she met with Rios several times prior to the plea hearing, reviewed the district attorney's file, and discussed with Rios the evidence the State intended to present against him. She further testified that she moved to suppress Rios's statements to police and after the court denied the motion, she discussed with Rios the options available to him and the State's offer of a plea recommendation which he later accepted. Rios's claim that counsel spent inadequate time conferring with him " 'is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client. (Cit.)' [Cit.]" *Harris v. State*, 279 Ga. 304, 307 (3) (b) (612 SE2d 789) (2005). Moreover, Rios has failed to demonstrate how additional communication with counsel would have changed his decision to enter a guilty plea.

As to Rios's claim that counsel misinformed him regarding the amount of time he would serve in prison, counsel testified that she correctly informed Rios that he would not be eligible for parole consideration for at least 20 years and she specifically denied telling Rios he would serve no more than 20 years. The trial court, therefore, was authorized to reject Rios's version of the facts and credit instead the testimony of his counsel. See *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003) (in reviewing claims of ineffective assistance of counsel, we accept trial court's factual findings and credibility determinations unless clearly erroneous).

Our review of the record further reveals that the trial court clearly explained Rios's sentence to him at the plea hearing, including the fact that he would not be eligible to be considered for parole for at least 20 years and that because of the violent nature of his crimes he likely would spend the rest of his life in prison. The court also emphasized to Rios that neither his counsel nor the district attorney could make any certification to him concerning his eligibility for parole. Thus, even assuming counsel provided erroneous advice about the time Rios would serve in prison, the court informed Rios of the correct sentence prior to the entry of his guilty plea. Accordingly, Rios has failed to prove that he was prejudiced by counsel's alleged deficiency. See *Johnson v. State*, 275 Ga. 538 (2) (570 SE2d 289) (2002).

3. Rios also claims counsel was ineffective because she failed to appeal from the denial of his motion to suppress his statements to police. The record shows that after his arrest, police informed Rios of his rights as required by *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and he signed a written waiver of those rights. During a police interview, Rios requested an attorney and the interview immediately stopped. Moments later, and not in response

to further questioning, Rios stated he was willing to talk and wanted to continue the interview. The interview resumed, Rios acknowledged that he wished to continue the interview, and he made several incriminating statements. Because Rios voluntarily reinitiated discussions with law enforcement, his statements were properly admitted into evidence, see *Edwards v. Arizona*, 451 U. S. 477, 484-485 (101 SC 1880, 68 LE2d 378) (1981), and counsel was not ineffective on this ground. See, e.g., *Hayes v. State*, 262 Ga. 881, 884-885 (426 SE2d 886) (1993) (failure to raise meritless objection not evidence of ineffective assistance).

4. Relying on the above grounds, Rios contends his plea was not voluntarily entered. The record, however, supports the trial court's conclusion that Rios knowingly and intelligently entered his guilty plea. The trial court found a sufficient factual basis for the plea, determined that Rios understood and voluntarily entered the plea, and correctly informed Rios of the possible sentences he could receive. The trial court further informed Rios of the rights he was waiving by pleading guilty, including his right to remain silent, to trial by jury, to subpoena and confront witnesses, and to testify. See *Johnson*, supra, 275 Ga. at 539 (1).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 2006.

*Rodney L. Mathis*, for appellant.

*T. Joseph Campbell, District Attorney, Thurbert E. Baker, Attorney General*, for appellee.