S07A1321. SUTTON v. SANDERS.
(656 SE2d 796)

SEARS, Chief Justice.

To avoid enhancement of a federal sentence in 2001, Larry Dennis Sutton filed a petition for writ of habeas corpus in the Fulton County Superior Court challenging his 1993 guilty plea to state drug charges. The habeas court denied the petition, and Sutton appealed. The district attorney's office opposed Sutton's petition in the habeas court but has withdrawn its opposition to Sutton's appeal. For the reasons that follow, we reverse the judgment of the habeas court.

Sutton's challenge to his 1993 guilty plea rests on the United States Supreme Court's seminal decision in *Boykin v. Alabama*.[1] In *Boykin*, the high court held that a guilty plea must be set aside unless the record of the plea colloquy or extrinsic evidence affirmatively shows that the defendant knowingly, intelligently, and voluntarily waived his or her constitutional rights: (1) against compulsory self-incrimination; (2) to be tried by a jury; and (3) to confront his or her accusers.[2] The transcript of the 1993 plea colloquy affirmatively shows that Sutton was advised of his constitutional rights against self-incrimination and to confront his accusers, but it does not show that he was advised of his constitutional right to a jury trial. The State has pointed us to no extrinsic evidence in the record from which

---

[1] 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).
[2] *Boykin*, supra, 395 U. S. at 242-243.

we could conclude that Sutton knowingly, intelligently, and voluntarily waived his right to a jury trial on the 1993 drug charges, and our own review of the record has uncovered none. Accordingly, we must reverse the trial court's judgment denying Sutton's habeas petition.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 28, 2008.

*Kendal D. Silas*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *David K. Getachew-Smith, Bettieanne C. Hart*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, for appellee.

## S07A1332. DAVENPORT v. THE STATE.
### (656 SE2d 514)

BENHAM, Justice.

Christopher D. Davenport appeals his conviction for the felony murder of three-year-old Joycelyn Broadway.[1] The evidence at trial showed that while the woman with whom he was living worked, Davenport stayed home with her daughter Joycelyn. As the mother arrived home on October 18, 2001, she heard Davenport say, "I'm tired of you pissing yourself." She found her daughter unresponsive. Emergency medical technicians responding to the mother's 911 call found Joycelyn in cardiac arrest and she was declared dead shortly after her arrival at a hospital. An autopsy revealed a ruptured left eardrum, bruising on the left side of Joycelyn's face, a hand-shaped bruise behind her left ear, laceration inside her mouth, and swelling of the brain. The cause of death was blunt force trauma, more

---

[1] The death occurred on October 18, 2001, and Davenport was indicted on April 24, 2002, for malice murder, felony murder (cruelty to children), three counts of cruelty to children (one involving the murder victim and two involving her siblings), and aggravated assault. A motion to sever offenses for trial was granted as to the aggravated assault count, but denied as to the cruelty to children counts involving the murder victim's siblings. A jury trial commencing April 18, 2005, ended on April 21 with a verdict of guilty of malice murder, felony murder, and the count of cruelty to children involving the murder victim, and not guilty of the other offenses. The trial court sentenced Davenport to life imprisonment. Davenport's trial counsel filed a motion for new trial on April 25, 2005, and amended it on May 23, 2005, but both pleadings contained an incorrect case number. New counsel appointed on August 26, 2005, obtained a consent order for out-of-time appeal that same day, and filed another motion for new trial on September 1, 2005, amending it October 16, 2006. After a hearing on November 3, 2006, the motion for new trial was denied on November 13, 2006. Pursuant to a notice of appeal filed December 13, 2006, the appeal was docketed in this Court on May 18, 2007, and was submitted for a decision on the briefs.