S09A1039. JACKSON v. THE STATE.

(684 SE2d 594)

HUNSTEIN, Chief Justice.

Willie Charles Jackson entered a negotiated plea of guilty to murder, aggravated battery and two counts of aggravated assault in exchange for the State's agreement not to seek the death penalty. In accordance with the State's recommendation, the trial court sentenced Jackson to life imprisonment without the possibility of parole plus a consecutive term of 20 years and two concurrent terms of 20 years.[1] Jackson appeals from the trial court's denial of his motion to withdraw his guilty plea, contending that the plea was not voluntarily and intelligently entered and that his co-counsel were ineffective. Finding no error, we affirm.

1. Jackson claims that his guilty plea was not voluntarily and intelligently entered because he was under the influence of Paxil and another psychotropic drug at the time, and because he did not

---

[1] The crimes occurred on May 29, 1997 and Jackson was indicted in Brooks County on September 2, 1997. He pled guilty and was sentenced by the trial court on May 18, 1998. The trial court's initial denial of Jackson's timely filed motion to withdraw the guilty plea was vacated by this Court on May 20, 2008 and the case remanded with direction to hold an evidentiary hearing. Such hearing was held on July 14 and 16, 2008 and, in an order entered October 17, 2008, the trial court again denied Jackson's motion to withdraw his guilty plea. Jackson's notice of appeal was timely filed; the appeal was docketed in this Court on March 16, 2009 and submitted for decision on the briefs.

understand his right against self-incrimination.

> [A] guilty plea must be set aside unless the record of the plea colloquy or extrinsic evidence affirmatively shows that the defendant knowingly, intelligently, and voluntarily waived his or her constitutional rights: (1) against compulsory self-incrimination; (2) to be tried by a jury; and (3) to confront his or her accusers.

(Footnote omitted.) *Sutton v. Sanders*, 283 Ga. 28 (656 SE2d 796) (2008), discussing *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). Here, the transcript of the plea hearing shows that, in response to the trial court's questioning, Jackson stated that he was not under the influence of alcohol, drugs or any intoxicants. The plea hearing transcript also affirmatively shows that the trial court specifically advised Jackson of his right to remain silent and thereby not incriminate himself.[2] See Uniform Superior Court Rule 33.8 (B) (7). Accordingly, the record supports the trial court's conclusion that Jackson voluntarily and intelligently entered his guilty plea.

2. Jackson claims that his co-counsel were ineffective in failing to investigate defenses and mitigating evidence; failing to prepare for trial; allowing him to plead guilty knowing that he was under the influence of drugs; advising him to simply answer "yes" to everything at the plea hearing; and failing to file a demurrer to the aggravated assault counts of the indictment because they lacked a sufficient factual basis.

> A defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Citations and punctuation omitted.) *Rios v. State*, 281 Ga. 181 (2) (637 SE2d 20) (2006). The transcript of the hearing on Jackson's motion to withdraw his guilty plea shows that this death penalty case was in the pre-trial motion phase at the time of the plea and had not been set for trial; co-counsel had hired an investigator and begun the process of developing defense and mitigation strategies. One of

---

[2] The fact that the trial court advised Jackson of this right at a separate point in the plea colloquy from its advisement to him of the remaining *Boykin* rights is of no legal significance.

Jackson's attorneys testified that he had no knowledge of Jackson taking any type of medication; the other testified that Jackson may have been on medication for stress, but that he never exhibited any signs of being under the influence of an intoxicant. Co-counsel testified that in discussions prior to the plea, Jackson was advised of the questions that the trial court would pose during the plea colloquy, the rights that he would be waiving by entering a plea, and the consequences of pleading guilty. The trial court was authorized to credit the testimony of Jackson's counsel, and its factual findings and credibility determinations will be accepted unless clearly erroneous. See id. at 182 (2). As our review of the record reveals no such error, Jackson has failed to meet his burden of demonstrating that co-counsel's performance was deficient.

The aggravated assault counts of the indictment alleged that Jackson assaulted one victim "with a certain knife, same being a deadly weapon" and another "with a certain paring knife, same being a deadly weapon." Because the language of the indictment tracks that of OCGA § 16-5-21 (a) (2) and is not too vague to inform Jackson of the charges against him, any demurrer filed by co-counsel would not have been successful. See *Arthur v. State*, 275 Ga. 790 (2) (573 SE2d 44) (2002). The failure to raise a meritless objection cannot constitute ineffective assistance of counsel. See *Rios*, supra, 281 Ga. at 183 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*James F. Council, Jr.*, for appellant.
*J. David Miller*, District Attorney, *Justo C. Cabral III*, *Bradfield M. Shealy*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, for appellee.