S09A1458. FRAZIER v. MATHIS.
(690 SE2d 840)

HINES, Justice.

Warden David Frazier appeals from the grant of a writ of habeas corpus to Arlandus Mathis. For the reasons that follow, we reverse.

Mathis also uses the name Arlandus Dickerson. On December 13, 1988, Mathis was indicted under the name of Dickerson on one charge of possession of cocaine with intent to distribute. Mathis was one of two passengers in a car which was stopped by police officers of the City of East Point, in Fulton County for a tag violation; the other passenger and the driver were co-indictees on the same charge. Eighteen bags containing cocaine were found under the driver's seat. On March 6, 1989, Mathis accepted a plea agreement, pled guilty to simple possession of cocaine, and was sentenced to four years probation as a First Offender.[1] See OCGA §§ 42-8-60 to 42-8-66.

---

[1] During the same hearing at which Mathis entered his plea, the other passenger pled guilty to the same charge and received the same sentence. During the hearing, it was stated

On January 8, 1990, Mathis, under that name, pled guilty to two charges of possession of cocaine, and received a sentence of three years probation as a First Offender. Mathis failed to meet the conditions of his 1989 probation; revocation proceedings were initiated, and it was discovered that by using the two names, he had received a second sentence under the First Offender statute, which is not available. See OCGA § 42-8-60 (b). On October 10, 1991, his probationary sentences were revoked, and he was sentenced to two terms of 15 years in prison, to be served consecutively, and one term of 12 months, to be served concurrently. In 1991, he was also charged with malice murder and aggravated assault; he went to trial, was convicted of voluntary manslaughter, and received a sentence of 15 years, with 12 years to be served in confinement, and three years on probation.[2]

In 2006, Mathis filed this action, claiming that he did not receive effective assistance of trial counsel at the time of his 1989 guilty plea.

> In order to prove ineffective assistance of counsel in connection with a guilty plea, a defendant must prove that his counsel was deficient, and that absent the deficiency, there is a reasonable probability that he would have proceeded to trial rather than pleading guilty. The proper standard of review of the habeas court's ruling requires that we accept the habeas court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

*Tillman v. Gee*, 284 Ga. 416, 417 (667 SE2d 600) (2008) (citations and punctuation omitted).

During the habeas hearing, evidence was produced that trial counsel's only meeting with Mathis was on the day on which he entered his guilty plea. At that meeting, counsel learned of the State's plea agreement offer, and recognized that under the indictment, Mathis faced a prospective prison term of 30 years for possession of cocaine with intent to distribute. See OCGA § 16-13-30 (b). Although Mathis claimed no knowledge of the cocaine and maintained, as did the other passenger, that the driver had simply picked them up earlier, counsel knew that when the law enforcement officers were conducting their investigation regarding the traffic

---

that the driver had entered a guilty plea at an earlier date, and received a sentence of five years probation as a First Offender.

[2] This charge was also cited as a basis for the revocation of his probations.

stop,[3] Mathis was "drifting away from the scene" on foot. Based on his experience, counsel believed that jurors might likely determine that "drugs and trouble [go] together," and was of the opinion that the offer of First Offender treatment was a good resolution to the charge when weighed against the vagaries of a jury trial, and advised Mathis accordingly. When questioned by Mathis, counsel testified that "you didn't want to go to trial with the potential of having 15 years for simple possession or 30 years for distribution.... You didn't want to have a trial with two witnesses." Although Mathis challenged actions that he characterized as counsel's failure to investigate the case, no evidence was introduced during the habeas hearing as to what the arresting officers or Mathis's co-indictees would have told counsel if they had been interviewed; no other potential witnesses were identified.

From the bench, the habeas court articulated that it did not believe that the two hours that passed between the time counsel first met Mathis and Mathis's entry of his guilty plea could result in effective representation. Of course, the amount of time counsel spent conferring with Mathis " 'is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client. (Cit.)' [Cit.]" *Harris v. State*, 279 Ga. 304, 307 (3) (b) (612 SE2d 789) (2005). And, Mathis did not demonstrate how any additional communication with counsel would have changed his decision to enter a guilty plea. See *Rios v. State*, 281 Ga. 181, 182 (2) (637 SE2d 20) (2006). Indeed, Mathis presented no evidence from which the habeas court could conclude that the results of the challenged plea hearing would have been more beneficial to him had counsel spent more time with him, or investigated the case further; the only evidence placed before the habeas court was that the information available to counsel would have been the same, there would have been no change in the circumstances surrounding the State's prosecution of Mathis, and hence no change in counsel's advice. Accordingly, the habeas court erred in granting the petition. *Zant v. Means*, 271 Ga. 711 (522 SE2d 449) (1999).

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 15, 2010.

*Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellant.

---

[3] The police officers discovered that there was an outstanding warrant on the driver for failure to appear at a court proceeding.