**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4777**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JUAN ANTONIO HERNANDEZ-MONREAL,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:07-cr-00337-LMB-1; 1:10-cv-00618-LMB)

Submitted: September 28, 2010        Decided: December 6, 2010

Before DAVIS and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Juan Antonio Hernandez-Monreal, Appellant Pro Se.  Stephanie Bibighaus Hammerstrom, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Hernandez-Monreal seeks to appeal the district court's order summarily dismissing his petition for a writ of error coram nobis and dismissing as untimely his 28 U.S.C.A. § 2255 (West Supp. 2010) motion. For the reasons explained below, we affirm the trial court's dismissal of the petition for a writ of error coram nobis, deny a certificate of appealability, and dismiss the remainder of this appeal.

Although the district court erred when it summarily dismissed Hernandez-Monreal's petition for a writ of error coram nobis as inapplicable to a criminal judgment, that error was harmless. Contrary to the district court's reasoning, both the United States Supreme Court and this court have granted relief to federal prisoners under the writ of error coram nobis. See United States v. Morgan, 346 U.S. 502, 506-07, 512-13 (1954) (noting the continued viability of the writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a) (2006), and affirming a district court's issuance of a writ of error coram nobis to vacate a conviction after the completion of the petitioner's term of imprisonment); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) (same).

The district court's error was harmless because Hernandez-Monreal's petition was ultimately meritless. Hernandez-Monreal relied upon the United States Supreme Court's

2

recent decision in Padilla v. Kentucky to argue ineffective assistance of counsel. See Padilla, 599 U.S. ___, ___, 130 S. Ct. 1473, 1486 (2010) (holding "counsel must inform her client whether his plea carries a risk of deportation"). The record, however, shows that during his Rule 11 hearing, Hernandez-Monreal affirmatively acknowledged his understanding that his plea "could definitely make it difficult, if not impossible, for [him] to successfully stay legally in the United States." Hence, the trial court's failure to consider Hernandez-Monreal's petition for a writ of error coram nobis was harmless.[*]

Next, we conclude that the trial court's determination that Hernandez-Monreal's § 2255 motion was untimely is neither debatable nor wrong. To the extent it denied habeas relief, the district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies

---

[*] Furthermore, nothing in the Padilla decision indicates that it is retroactively applicable to cases on collateral review. See Mandel, 862 F.2d at 1075 (affirming district court's grant of a writ of error coram nobis vacating convictions in light of a retroactive and dispositive Supreme Court decision).

this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Hernandez-Monreal has not made the requisite showing.

Accordingly, we affirm the district court's denial of a writ of error coram nobis, deny a certificate of appealability, and dismiss the appeal as to the denial of habeas relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4