S12A0916. THE STATE v. MARTINEZ.
(729 SE2d 390)

CARLEY, Chief Justice.

Jose Alonso Martinez is not a citizen of the United States, but he became a permanent legal resident on May 9, 2008. On October 25, 2010, he entered a guilty plea to aggravated battery and received a probated sentence of seven years. As a result, Martinez has since been taken into custody by Immigration and Customs Enforcement (ICE) and faces deportation and banishment from the United States. On July 12, 2011, he filed a petition for writ of habeas corpus, alleging ineffective assistance of plea counsel. After a hearing, the habeas court granted relief, finding that plea counsel was ineffective in advising Martinez that he need not be concerned about immigration consequences of entering the guilty plea. See *Padilla v. Kentucky*, 559 U. S. 356 (130 SC 1473, 176 LE2d 284) (2010). The habeas court further found that, although the trial court warned Martinez that he would almost certainly face deportation should he proceed with the plea, he was also receiving advice from his attorney calling into question the information from the trial court, and he likely relied more heavily on counsel's advice. The State appeals from the habeas court's order.

Under the two-pronged test of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984),

"[i]n order to prove ineffective assistance of counsel in connection with a guilty plea, a defendant must prove that his counsel was deficient, and that absent the deficiency, there

is a reasonable probability that he would have proceeded to trial rather than pleading guilty. The proper standard of review of the habeas court's ruling requires that we accept the habeas court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." [Cit.]

*Frazier v. Mathis*, 286 Ga. 647, 648 (690 SE2d 840) (2010). "[T]he impact that a guilty plea might have on a defendant's immigration status is a collateral consequence of the plea . . . ." *Smith v. State*, 287 Ga. 391, 399 (2) (e) (697 SE2d 177) (2010). Nevertheless, under *Padilla*,

> a defendant who is not a United States citizen and can show that his lawyer did not adequately advise him of the risks of deportation resulting from his guilty plea will satisfy the first prong of the *Strickland* ineffectiveness test — deficient performance. [Cit.] To obtain relief, however, the defendant still must establish the second *Strickland* prong — prejudice, [cit.] . . .

*Smith v. State*, supra at 396 (2) (b).

The transcript of the guilty plea shows that, after Martinez was duly sworn, the trial court asked him if he understood "that the federal government will take action to deport you to your native country," and Martinez answered affirmatively. The court then noted that there was no ICE hold on Martinez, and plea counsel confirmed that fact and stated that "[t]here is currently no pending immigration issue." The judge then explained that, because the plea was to a serious felony charge of aggravated battery, his understanding was "that the federal government will, in fact, maybe not today, maybe not tomorrow, but some time in the future will take action to deport you even though you are a legal resident alien . . . ." When Martinez said "Yes," the court specifically asked him, "Do you still wish to enter your plea even though it will result in your deportation?" and Martinez again answered affirmatively.

A trial court's plea colloquy warnings of adverse immigration consequences, especially where, as here, the defendant affirmatively acknowledges his understanding that he is certain or almost certain to face deportation, generally shows that the defendant cannot demonstrate prejudice or that any prejudice was cured, regardless of whether plea counsel had previously given affirmative misadvice or failed to give any advice. This general rule is supported by the majority of courts since *Padilla*, including the only United States

Court of Appeals to consider the issue. *United States v. Hernandez-Monreal*, 404 Fed. Appx. 714, 715 (4th Cir. 2010); Danielle M. Lang, Note, *Padilla v. Kentucky: The Effect of Plea Colloquy Warnings on Defendants' Ability to Bring Successful Padilla Claims*, 121 Yale L.J. 944, 975-982 (III) (B) (2012); John W. Mitchell, *Proceedings to Vacate Prior Convictions Subsequent to Padilla v. Kentucky*, 213 PLI/NY 97, 109 (2011).

Martinez argues that, during the plea colloquy, counsel continued to assure Martinez that he should go forward with the plea and to encourage him to answer in the affirmative. Indeed, the habeas court's decision on the prejudice prong was based primarily on its finding that Martinez "was also receiving advice from his attorney and that advice called into question the information he was receiving from the court." Such a finding of a contemporaneous contradiction of the trial court, if authorized by the evidence, may undermine the curative effect of an otherwise clear warning of adverse immigration consequences. So too may prior advice by counsel to disregard any such warning. However, neither circumstance is demonstrated by the evidence in this case. In particular, the habeas court's finding of a contemporaneous contradiction of the trial court's warnings is clearly erroneous. Plea counsel's testimony shows that his alleged assurances during the colloquy that Martinez should go forward with the plea and answer in the affirmative consisted only of counsel's statements, discussed above, that there was no ICE hold and no pending immigration issue at that time. These statements are in no way inconsistent with the trial court's preceding and subsequent warnings that, in its opinion, Martinez would in fact be deported at a future date as a result of the guilty plea.

Regardless of the prior erroneous advice from plea counsel, the trial court correctly informed Martinez of the immigration consequences of his guilty plea, and he has therefore failed to prove that he was prejudiced by counsel's deficient performance. *Rios v. State*, 281 Ga. 181, 182 (2) (637 SE2d 20) (2006); *Taylor v. State*, 304 Ga. App. 878, 885 (3) (698 SE2d 384) (2010).

> As *Strickland v. Washington* requires [Martinez] to prove both prongs of the ineffective assistance of counsel test, and as he has failed to prove the second prong that he was prejudiced by any alleged deficiency, the habeas court erred in holding that appellate counsel provided ineffective assistance and thus erred in granting the petition for writ of habeas corpus.

*Walker v. Hagins*, 290 Ga. 512, 515 (722 SE2d 725) (2012).

*Judgment reversed. All the Justices concur, except Melton and Nahmias, JJ., who concur in judgment only.*

DECIDED JULY 13, 2012 —
RECONSIDERATION DENIED JULY 26, 2012.

*Patrick H. Head, District Attorney, John R. Edwards, Assistant District Attorney*, for appellant.
*Jesus A. Nerio, Diana F. Grant*, for appellee.