**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

September 7, 2012

# In the Court of Appeals of Georgia

A12A1280. MAHONE v. THE STATE.                                    JE-049C

ELLINGTON, Chief Judge.

The Superior Court of Muscogee County accepted the guilty plea tendered by Herman Mahone to two counts of aggravated assault, OCGA § 16-5-21 (a) (2) (with a deadly weapon); and possession of a firearm during the commission of a crime against or involving the person of another, OCGA § 16-11-106 (b) (1). Mahone then filed a motion to withdraw his guilty plea. After a hearing, at which Mahone was represented by new counsel, the trial court denied his motion, and he appeals pro se. He contends that there was not a factual basis for his plea, that the trial court erroneously refused to replace his appointed counsel, and that his plea was not knowing and voluntary, due to the ineffective assistance of counsel and because he

was taking mental health medication when he entered his plea. For the reasons explained below, we vacate and remand for a new hearing.

> After sentence is pronounced, the decision whether to allow the withdrawal of a guilty plea lies within the sound discretion of the trial court, and this Court will not reverse the trial court's decision absent a manifest abuse of that discretion. When the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea. The trial court is the final arbiter of all factual issues raised by the evidence.

(Punctuation and footnotes omitted.) *Jackson v. State*, 299 Ga. App. 662, 662-663 (683 SE2d 623) (2009). While the State ultimately bears the burden of showing that a guilty plea was voluntarily, knowingly, and intelligently made, however, "[a] defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citation and punctuation omitted.) *Jackson v. State*, 285 Ga. 840, 841 (2) (684 SE2d 594) (2009).

The record shows that Mahone's written motion to withdraw his guilty plea did not specify the grounds for his motion. At the hearing on his motion to withdraw his guilty plea, Mahone's new post-conviction counsel began by stating that Mahone felt that his original, appointed counsel had coerced him into pleading guilty, which would be shown by Mahone's testimony. After swearing in Mahone, the judge questioned Mahone directly, asking how his trial counsel coerced him. Mahone responded that his attorney told him that a jury would find him guilty and that he would be sentenced to 30 to 50 years in prison. In the only instance during the hearing in which the State's attorney spoke, the prosecutor mentioned that the State had filed a notice of intent to seek aggravation of punishment. When the judge expressed doubt that such advice could constitute coercion, Mahone tried to give other reasons he felt that his trial counsel had provided ineffective assistance, specifically that she refused to investigate whether there were any potentially helpful witnesses and that she refused to act on his disclosure that he believed he was incompetent to stand trial because of the psychiatric medication (Elavil) that he was taking. The judge expressed doubt that Elavil could impair a person's judgment, then asked Mahone's own counsel to direct him to the page in the plea hearing transcript that had "the magic question." He read that question aloud, "'has anyone forced you, threatened you or coerced you to cause you to plead

3

guilty?'" and asked, "Defendant Mahone, what did you say?" Mahone conceded that he had responded "no" at the plea hearing. Without inquiring whether the State or Mahone had any further evidence, the judge abruptly terminated the hearing, saying, "This [motion to withdraw guilty plea] is totally without merit. Take an order denying it."

The record as a whole shows that the judge ruled on Mahone's motion without allowing his post-conviction counsel to articulate the grounds for his motion to withdraw his guilty plea, to examine Mahone, or to otherwise present evidentiary support for the motion. In addition, the record creates the appearance that the judge believed that Mahone's motion need not be considered on the merits simply because Mahone had responded negatively during the plea hearing to a single "magic question." Consequently, the record does not permit a meaningful appellate review of the denial of Mahone's motion. Accordingly, we vacate the trial court's order and remand for further proceedings, wherein Mahone has the opportunity, represented by counsel if desired, to present the grounds for his motion and any supporting evidence. See *Manuel v. State*, 289 Ga. 383, 386 (711 SE2d 676) (2011); *Alvelo v. State*, 288

Ga. 437, 439 (1) (704 SE2d 787) (2011); *Planas v. State*, 296 Ga. App. 51, 52 (1) (673 SE2d 566) (2009).[1]

*Judgment vacated and remanded. Phipps, P. J., and Dillard, J., concur.*

---

[1] Cf. *Jackson v. State*, 285 Ga. at 841-842 (2) (affirming the denial of a motion to withdraw a guilty plea based on the transcript of the court's colloquy with the defendant at the plea hearing as well as the testimony of the defendant's trial attorneys regarding their belief that the defendant had not been under the influence of any medication or intoxicant and their detailed advice to the defendant before the plea hearing about the rights that he would be waiving by entering a plea and the consequences of pleading guilty).