**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 15, 2012**

# In the Court of Appeals of Georgia

A12A1356. ALLEN v. THE STATE.                        DO-052 C

DOYLE, Presiding Judge.

Ricky Marcus Allen appeals from the denial of his motion to withdraw a negotiated guilty plea, contending that his plea was involuntary because he received ineffective assistance of counsel during plea negotiations. Specifically, he argues that trial counsel performed deficiently by (1) failing to file a special demurrer that would have allowed him to develop an alibi defense, and (2) disclosing to the State his request for a sexually transmitted disease test[1] and sharing the positive result with the State. For the reasons that follow, we affirm.

> After [a] sentence is pronounced, the decision whether to allow
> the withdrawal of a guilty plea lies within the sound discretion of the

---

[1] The eight-year-old victim apparently had contracted chlamydia.

trial court, and this Court will not reverse the trial court's decision absent a manifest abuse of that discretion. When the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea. The trial court is the final arbiter of all factual issues raised by the evidence. While the State ultimately bears the burden of showing that a guilty plea was voluntarily, knowingly, and intelligently made, however, a defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.[2]

Here, the record shows that Allen was charged with aggravated child molestation (two counts), child molestation, aggravated sodomy (two counts), and rape. On the first day of trial, Allen decided to enter a negotiated guilty plea to two counts of child molestation (one count was reduced from an aggravated child molestation count), and the remaining counts were nolle prossed. He was sentenced

---

[2] (Citation and punctuation omitted.) *Mahone v. State*, __ Ga. App. __ (731 SE2d 797) (2012).

2

to serve 17 years of a 20-year sentence in confinement for one count and, for the second count, an additional 10 years of probation consecutive to count one.[3]

The next month, Allen filed a petition to withdraw his guilty plea on ineffective assistance grounds, and the trial court held a hearing. The trial court denied his motion, giving rise to this appeal.

1. Allen contends that the trial court erred by ruling that his trial counsel was not ineffective by failing to file a special demurrer to require the State to be more specific with respect to the dates of the offenses. We disagree.

The effectiveness of trial counsel's assistance is evaluated under the standard in *Strickland v. Washington*,[4] which requires a criminal defendant to demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[5] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness

---

[3] A transcript of the plea hearing is not in the record.

[4] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] See id. at 687-688, 694 (III) (A)-(B).

of the conduct is viewed at the time of trial and under the circumstances of the case."[6] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[7] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[8]

Here, the indictment alleged that the offenses occurred between January 1, 2008, and December 31, 2008. Allen argues that his trial counsel should have filed a special demurrer seeking greater specificity as to the dates of the offenses in the indictment so that he could have developed an alibi defense. Nevertheless, at the hearing on his motion to withdraw the guilty plea, his trial counsel testified that he considered filing a demurrer, but decided not to because "if the demurrer puts the finger on a[n] issue, then sometimes the State can just, you know, come back and

---

[6] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[7] See *Strickland*, supra, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[8] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

correct the defect." And he anticipated that the State would not have chosen a time frame that would have helped an alibi defense, so he determined that demurring ultimately would not be helpful. This testimony demonstrates that trial counsel's failure to seek greater specificity in the indictment was a strategic decision made after consideration of the pros and cons and likelihood of success. Counsel's calculation was not based on a legal error, and such strategic decisions do not amount to deficient performance.[9] Accordingly, this enumeration fails.

2. Allen's next enumeration stems from the fact that the victim was diagnosed with chlamydia, a sexually transmitted disease. Prior to trial, Allen assured his counsel that he did not have chlamydia, and he pressured his trial counsel to have a test performed to demonstrate that he did not. His trial counsel moved to have a test performed by jail personnel and disclosed the result, which was positive, to the State under the mistaken belief that he was required to under applicable discovery rules.[10] Thus, Allen argues that the trial court erred by denying his ineffective assistance

_____

[9] See *Phillips v. State*, 277 Ga. 161, 163-164 (b) (587 SE2d 45) (2003) ("Informed strategic decisions do not constitute ineffective legal assistance.").

[10] See, e.g, OCGA § 17-16-4 (b) (2) (requiring criminal defendant to disclose to the State a report of any physical or scientific tests "*if the defendant intends to introduce in evidence in the defense's case-in-chief or rebuttal*") (emphasis supplied).

claim on the ground that trial counsel should not have (i) informed the State that he planned to obtain a chlamydia test or (ii) disclosed the positive result to the State.

As noted above, based on *Strickland* and the posture of his claim, Allen must "show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[11] Pretermitting whether counsel's performance was deficient, we conclude that the record supports the trial court's finding that Allen failed to demonstrate a reasonable probability that he would not have pleaded guilty had his trial counsel not disclosed the test result to the State.

At the hearing on Allen's motion, his trial counsel testified that the result of the chlamydia test was "very important" and "very significant," but he clarified that it was "a little iffy" to conclude that not the sharing test result would have changed his recommendation to plead guilty. Trial counsel explained that the test result was not "overriding," because he found the victim's videotaped interview credible and persuasive, and Allen faced a harsher sentence than the one negotiated, which was a "pretty big downside." Further, Allen did not testify at the motion for new trial

---

[11] (Punctuation omitted.) *Jackson v. State*, 285 Ga. 840, 841 (2) (684 SE2d 594) (2009).

hearing showing how he would have opted not to plead guilty but for the chlamydia test results. Based on the record before us, "the trial court was authorized to find that [Allen] failed to meet his burden of showing any substantial likelihood of a different result but for counsel's deficient performance."[12] Accordingly, we discern no reversible error.

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[12] *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012). See also *Bielen v. State*, 265 Ga. App. 865, 869 (2) (595 SE2d 543) (2004) (trial court weighs the evidence, judges witness credibility, and makes determinations about conflicts in the evidence).