Miranda v. State of Vermont, No. 243-7-12 Bncv (Carroll, J., May 15, 2013)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Bennington Unit** | **Docket No. 243-7-12** |

**Jose Miranda**
 **Petitioner**

 **v.**

**The State of Vermont**
**Respondent**

### DECISION ON RENEWED MOTION FOR SUMMARY JUDGMENT

#### Background

Petitioner renews his motion for summary judgment on his claim for post conviction relief due to ineffective assistance of counsel. Petitioner originally moved for summary judgment on September 19, 2012. The State opposed summary judgment on October 18, 2012. Among other things, the State argued Petitioner required expert testimony to prove his claim of ineffective assistance of counsel. On November 20, 2012, the Court agreed with the State's argument and denied Petitioner's motion for summary judgment because he lacked expert testimony. On April 3, 2013, Petitioner renewed his motion for summary judgment and submitted an affidavit by Attorney Bradley Stetler. Attorney Stetler would testify as an expert that Petitioner received ineffective assistance of counsel. The State has not submitted any additional material opposing summary judgment.

First, the Court briefly reviews the facts of this case. Petitioner is a citizen of El Salvador who is lawfully in the United States under temporary protected status. The State charged Petitioner with felony trespass and disorderly conduct. Attorney Frederick Bragdon, a Public Defender, represented Petitioner on the charges. Defense counsel negotiated a plea agreement with the State and Petitioner pled guilty to misdemeanor trespass and disorderly conduct, which is also a misdemeanor.

The current case concerns the advice defense counsel gave to Petitioner about the immigration consequences of Petitioner's pleas to two misdemeanors. Petitioner asked defense counsel about the consequences of a guilty plea to his immigration status. It is unclear if Petitioner specifically told defense counsel he had temporary protected status. Defense counsel asked a colleague about the immigration consequences of pleading guilty to two misdemeanors, but did not inquire about the additional complication of temporary protected status. Defense counsel then told Petitioner "there should be no immigration consequences to pleading guilty to the instant charges." Affidavit of Frederick Bragdon, ¶ 10 (July 11, 2012).

Defense counsel's advice was erroneous and Petitioner can no longer have his temporary protected status renewed under 8 U.S.C. § 1254(a)(2)(B)(i). Petitioner argues he would not have pled guilty had he known the immigration consequences because the immigration consequences are more important to him than the risk of a harsher criminal penalty. Defense counsel stated he believed Petitioner would have had a fair chance of acquittal had he gone to trial.

## Standard of Review

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635. Nevertheless, the non-moving party cannot rely solely on the pleadings to rebut credible evidence. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413.

## Discussion

The first issue in this case is whether defense counsel had a duty to inquire into Petitioner's specific immigration status. The U.S. Supreme Court addressed a related question in *Padilla v. Kentucky*. 130 S.Ct. 1473 (2010).[1] In *Padilla*, the petitioner pled guilty to transporting marijuana. *Id.* at 1477. Before the plea agreement, the petitioner claimed his attorney told him "he did not have to worry about immigration status since he had been in the country so long." *Id.* at 1478 (internal quotations omitted). Unfortunately for the petitioner, his plea "made his deportation virtually mandatory." *Id.* The Court then reasoned the incorrect advice deprived petitioner of his Sixth Amendment rights and reversed the trial court's decision. *Id.*

In *Padilla*, the Court looked to a two-part test to determine if: (1) "counsel's representations fell below an objective standard of reasonableness" and (2) "whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)); *see also In re Russo*, 2010 VT 16, ¶ 16, 187 Vt. 367 (applying the same two-part test in Vermont); The Court noted defense counsel must give a correct interpretation of the consequences of a guilty plea where the immigration statute is "succinct, clear, and explicit." *Id.* In a complex area of immigration law, defense counsel must only advise a defendant of the risks of immigration consequences. *Id.* The Court found the decision in *Padilla* clear because the consequences of pleading to transporting large amounts of marijuana are simple to determine and the petitioner's defense counsel gave incorrect information. *Id.* The Court remanded for a decision on the second prong—whether the petitioner experienced prejudice. *Id.* at 1487.

In this case, Petitioner can satisfy the two-part test. Petitioner's expert, Attorney Stetler, stated that defense counsel's failure to inquire about Petitioner's specific status fell below the reasonable standards for the profession. The State has not submitted any evidence to rebut this testimony, other than questioning Attorney Stetler about how he came to this conclusion at a deposition. Given Attorney Stetler's undisputed testimony, the Court finds it is unimportant

---

[1] *Padilla* is also available at 559 U.S. 356. The Court cites to 130 S.Ct. 1473 because its copy of the case does not list page numbers for the United States Reports.

whether Petitioner actually told defense counsel about his status because defense counsel had a duty to inquire about Petitioner's status. The Court accepts Petitioner's evidence as undisputed and finds Petitioner met the first prong of the *Strickland* test.

Next, the Court considers whether Petitioner was prejudiced by the information. To show prejudice, Petitioner must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* at 1485*; see also Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (requiring petitioners to show they would have rejected the plea agreement had they been correctly informed). The parties do not dispute Petitioner received incorrect advice and will suffer immigration consequences because of his plea. Petitioner testified he would have pursued another path had he known of the consequences. The Court also noted that immigration status can be more important to defendants than criminal penalties. *Padilla* at 1483; *see also I.N.S. v. St. Cyr*, 533 U.S. 289, 533 (2001) ("Preserving the client's right to remain in the United States may be more important to the client than any potential jail sentence."). Additionally, defense counsel stated there was a reasonable chance Petitioner would have been acquitted at trial. The Court finds that there is a reasonable probability the outcome would have been different if Petitioner received correct advice.

The second issue in this case is whether the Court's colloquy with Petitioner cured the prejudice. The State argues the Court's warning that a guilty plea may have immigration consequences defeats Petitioner's claim. The role of the Court's colloquy has generated a split between states and scholarly critique. *See* Danielle M. Lang, Note, *Padilla v. Kentucky*: The Effect of Plea Colloquy Warnings on Defendant's Ability to Bring Successful *Padilla* Claims, 121 Yale L.J. 944 (2012). The State's argument conflates two separate rights. *See id.* at 949–52. Defendants receive a right to counsel under the Sixth Amendment. *See Hill*, 474 U.S. at 61 (White, J., concurring). Courts engage in plea colloquies to protect defendants' Fifth Amendment rights. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969). The different origin of the rights suggests the Court's colloquy does not automatically cure prejudice.

Despite the different origins of the rights, States split on the issue over whether a plea colloquy cures the prejudice. In *Hernandez v. State*, the Supreme Court of Florida held "an equivocal warning from the trial court is less than what is required from counsel and therefore cannot, by itself, remove prejudice resulting from counsel's deficiency." Nos. SC11-941, SC11-1357, 2012 WL 5869660, * 4 (Fla. No. 21, 2012). On the other hand, the Georgia Supreme Court held: "A trial court's plea colloquy warnings of adverse immigration consequences, especially where, as here, the defendant affirmatively acknowledges his understanding that he is certain or almost certain to face deportation, generally shows that the defendant cannot demonstrate prejudice or that any prejudice was cured, regardless of whether plea counsel had previously given affirmative misadvise or failed to give any advice." *State v. Martinez*, 729 S.E.2d 390, 392 (Ga. 2012); *see also* Lang, *supra*, at 978 (indicating a majority of jurisdictions find a plea colloquy cures the prejudice in immigration contexts).

In this case, the Court finds the plea colloquy was insufficient to cure the erroneous information that Petitioner received from his defense counsel. The Court's warnings protect defendants' Fifth Amendment rights and supplement their right to counsel. The Court only informed Petitioner of the risk of immigration consequences; the Court did not contradict

defense counsel. Defense counsel, on the other hand, told Petitioner his specific plea would not have immigrations consequences in Petitioner's case. As articulated by the Florida Supreme Court, it is not the job of the Court to replace defense counsel and in these circumstances Petitioner could have reasonably relied on defense counsel. *See Hernandez*, 2012 WL 5869660, * 4. Moreover, Petitioner could reasonably have decided to pursue trial had he been correctly informed, despite the Court's warnings. *See Padilla*, 130 S.Ct. at 1485*; Hill*, 474 U.S. at 60. Accordingly, the Court finds the Court's colloquy did not cure the prejudice in this case.

The Court finds that there are no disputed material facts and Petitioner is entitled to judgment as a matter of law. *See* V.R.C.P. 56(a). Therefore, the Court must grant Petitioner's motion for summary judgment. The Court vacates Petitioner's pleas.

## **ORDER**

The Court ***grants*** Petitioner's motion for summary judgment.


Dated: May 14, 2013


Karen R. Carroll
Superior Court Judge

4