**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 5, 2019**

# In the Court of Appeals of Georgia

A18A1859. THOMPKINS v. THE STATE.

MERCIER, Judge.

Following a negotiated plea, Rickey Ray Thompkins pled guilty to aggravated stalking. Pursuant to the negotiated plea, the remaining charges, burglary in the first degree and arson in the first degree, were nolle prossed. Thompkins was sentenced to ten years, to serve five years and the remainder on probation. Thompkins then filed a motion to withdraw his guilty plea, which the trial court denied following a hearing. He appeals, claiming that he received ineffective assistance of counsel below and as such his motion to withdraw his guilty plea should have been granted. Finding no error, we affirm.

According to the proffer of evidence presented at the plea hearing, Thompkins had previously pled guilty to battery against the victim in June of 2015 in Jacksonville,

Florida. Following Thompkins's guilty plea to battery, the victim obtained a protective order and moved to Georgia. On August 29, 2015, she made a police report that Thompkins had visited her workplace and that she had received over two hundred text messages from Thompkins, in violation of the protective order.

A month later, the victim was notified that her home had burned down. While she was driving to her home she saw Thompkins next to a disabled vehicle on the opposite side of the interstate, and reported his presence to the police department. Police officers arrived at the scene, observed fresh burns on Thompkins's body, and placed him under arrest.

The trial court conducted a plea hearing, at which Thompkins was represented by counsel. Upon questioning, Thompkins averred that he understood the charges against him under the indictment, and that, if found guilty, he could be sentenced to a maximum of fifty years. The trial court accepted Thompkins's guilty plea to aggravated stalking and sentenced him to 10 years.

Thompkins subsequently filed a pro se motion to withdraw the plea. After a hearing on the motion, at which Thompkins was represented by new counsel, the motion was denied.

1. "After sentencing, a defendant may withdraw a guilty plea only to correct a manifest injustice, such as where the defendant was denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." *McGuyton v. State*, 298 Ga. 351, 353 (1) (a) (782 SE2d 21) (2016) (citation and punctuation omitted).

> When a criminal defendant seeks to withdraw a guilty plea on the ground of ineffective assistance of counsel, the ineffective assistance claim must be evaluated under the two-prong test set forth in *Strickland v. Washington*.[1] In order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the defendant would have elected to proceed to trial rather than enter a plea. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

*Gomez v. State*, 300 Ga. 571, 573 (797 SE2d 478) (2017) (citations and punctuation omitted). "A decision on a motion to withdraw a guilty plea is a matter for the sound discretion of the trial court and will not be disturbed absent manifest abuse." *McGuyton*, supra (citation omitted).

---

[1] 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LEd2d 674) (1984).

(a) Thompkins claims that his counsel was ineffective in failing to file a special demurrer challenging the date range within his indictment. Specifically, the indictment charged Thompkins with committing aggravated stalking "between the 29th day of August, 2015, and the 27th day of September, 2015, the exact date of the offense being unknown to the Grand Jury[.]" Thompkins contends that because the State provided a date at the plea hearing, August 29, 2015, on which he allegedly contacted the victim at her workplace, the State could have narrowed the range of dates and thereby his trial counsel should have filed a special demurrer.

> Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer. However, where the State can show that the evidence does not permit it to allege a specific date on which the offense occurred, the State is permitted to allege that the crime occurred between two particular dates.

*State v. Layman*, 279 Ga. 340, 340-341 (613 SE2d 639) (2005) (footnotes and citations omitted). Here, the aggravated stalking count on the indictment also states that Thompkins contacted the victim "by electronic means." If, as alleged by the State, Thompkins had sent text messages to the victim over the indicted time period, the

4

State would likely have been permitted to allege that the crime occurred between the two dates. See Id.

Even assuming it was error for Thompkins's counsel to have failed to file a special demurrer, Thompkins cannot demonstrate the prejudice necessary to support his ineffective assistance claim.

> If a timely special demurrer is granted, the trial court quashes the indictment. However, the quashing of an indictment merely bars trial on the flawed indictment; it does not bar the State from reindicting the defendant. Thus, even if [Thompkins's] attorney had filed a demurrer, it would not have prevented the State from reindicting and trying [Thompkins].

*Chapman v. State*, 318 Ga. App. 514, 517 (1) (a) (733 SE2d 848) (2012) (footnote and punctuation omitted). Thompkins does not claim that the allegedly imperfect indictment prejudiced him in any way, just that the special demurrer "more likely than not . . . would have been successful[.]" Under these circumstances, Thompkins has failed to show that he was prejudiced by his attorney's failure to file a special demurrer. See *Gomez*, supra. See also *Chapman*, supra.

(b) Thompkins also claims that trial counsel was ineffective in advising him of the nature of offenses that he was charged with and the elements that the State would

have had to prove at trial. However, at the plea hearing Thompkins averred that he understood the charges and all ramifications of entering a guilty plea. While Thompkins claimed at the hearing on his motion to withdraw that he did not fully understand the elements of the aggravated stalking charge, "any contradiction between [Thompkins's] testimony during the plea hearing and his testimony during the motion hearing is a matter of witness credibility, which the trial court was authorized to decide against him." *Niako v. State*, 271 Ga. App. 222, 226 (609 SE2d 154) (2005) (footnote omitted).

Furthermore, at Thompkins's motion hearing, his trial counsel testified that he "went over every element of the crime and discussed how each element would have to be proven beyond a reasonable doubt before he could be convicted." "The trial court was authorized to reject [Thompkins's] version of the facts and credit instead the testimony of his counsel." *Green v. State*, 324 Ga. App. 133, 135 (1) (749 SE2d 419) (2013) (citations and punctuation omitted). Accordingly, Thompkins has not demonstrated that he received ineffective assistance of counsel and the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea. See *McGuyton*, supra at 354 (1) (a).

*Judgment affirmed. Dillard, C. J., and Doyle, P. J., concur.*