**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 10, 2019**

# In the Court of Appeals of Georgia

A19A0630. REEDER v. THE STATE.

MCFADDEN, Presiding Judge.

While represented by counsel, Jayoun Reeder entered a non-negotiated plea of guilty to the charges of terroristic threats and disorderly conduct. The trial court sentenced Reeder as a recidivist to five years confinement. After sentencing, Reeder moved to withdraw the plea. Represented by new counsel, he amended his motion to withdraw to allege that he received ineffective assistance of plea counsel. The trial court denied the motion to withdraw, and Reeder filed this appeal. Finding no error, we affirm.

After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion, and withdrawal of the plea is allowed only when necessary to correct a manifest injustice. The test for manifest injustice will by necessity vary from case to case, but it has

been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.

*Giddens v. State*, __ Ga. App. __, __ (1) (__ SE2d __) (Case No. A18A2122, decided Mar. 12, 2019) (citations and punctuation omitted).

When a defendant challenges the validity of his guilty plea in this way, the [s]tate bears the burden of showing that the defendant entered his plea knowingly, intelligently, and voluntarily. The [s]tate may meet its burden by showing on the record of the guilty plea hearing that the defendant understood the rights being waived and possible consequences of the plea or by pointing to extrinsic evidence affirmatively showing that the plea was voluntary and knowing. In evaluating whether a defendant's plea was valid, the trial court should consider all of the relevant circumstances surrounding the plea.

*Johnson v. State*, 303 Ga. 704, 706-707 (2) (814 SE2d 688) (2018) (citations and punctuation omitted). "The trial court is the final arbiter of all factual issues raised by the evidence, and its refusal to allow a withdrawal will not be disturbed absent a manifest abuse of discretion." *Allen v. State*, 333 Ga. App. 853, 855 (2) (777 SE2d 699) (2015) (citation and punctuation omitted).

Reeder argues that plea counsel was ineffective because he failed to properly advise Reeder of the consequences of entering a non-negotiated guilty plea and led Reeder to believe that he would be sentenced to a day reporting center, a type of probation supervision program that provides counseling, educational programming and supervision. See https://dcs.georgia.gov/probation-supervision-programs (retrieved Mar. 25, 2019).

The record shows that before accepting his plea, the trial court expressly advised Reeder that he would be sentenced to five years — a mandatory sentence, given his recidivism; that he could be ordered to serve the entire sentence in confinement; that she would decide whether to suspend or probate any portion of it; that there was no agreement between plea counsel and the assistant district attorney because she would decide the sentence; and that there was no way for Reeder to guess what sentence he would receive because she did not yet know how she would sentence him. Reeder responded that he understood.

At the hearing on the motion to withdraw the guilty plea, plea counsel testified that although he thought there was "a really good chance" that Reeder would be sentenced to probation at a day reporting center, he warned Reeder of the risks of

entering a non-negotiated plea. He testified that he did not make promises or guarantees about the sentence. Nonetheless, Reeder testified that plea counsel promised him that if he pled guilty, he would be sentenced to two years at a day reporting center and that he would go home that same day.

The only evidence that trial counsel promised Reeder a particular sentence is Reeder's own testimony. "[A]ny contradiction between (Reeder's) testimony during the plea hearing and his [and plea counsel's] testimony during the motion hearing is a matter of witness credibility, which the trial court was authorized to decide against him." *Thompkins v. State*, 348 Ga. App. 511, 514 (1) (b) (__ SE2d __) (2019) (citation and punctuation omitted). We discern no abuse of discretion in the trial court's denial of the motion to withdraw his guilty plea, so it is affirmed. See *Allen*, 333 Ga. App. at 856 (2).

*Judgment affirmed. McMillian and Goss, JJ., concur.*