**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 7, 2021**

# In the Court of Appeals of Georgia

A21A0828. CANTRELL v. THE STATE.

PHIPPS, Senior Appellate Judge.

Lisheena Cantrell appeals following the denial of her motion to withdraw her guilty plea to attempted murder, terroristic threats, battery, and possession of a knife during the commission of a crime. Cantrell contends that she received ineffective assistance of counsel and that her guilty plea was not knowingly and voluntarily entered. For the reasons that follow, we affirm.

The facts developed at Cantrell's guilty plea hearing show that Cantrell and the victim had a brief romantic relationship, but the two separated, and the victim resumed his relationship with the mother of his children (his "present girlfriend"). This made Cantrell jealous. On September 4, 2011, witnesses saw Cantrell "mulling around" the apartments where the victim and his present girlfriend were living.

According to a Facebook post by Cantrell, she was waiting for the victim and his present girlfriend. In addition, Cantrell texted the victim, "I got u in the end" and "I got u and her ticket trust that boo." When the victim and his present girlfriend drove up to their apartment, Cantrell ambushed them, pulling the present girlfriend out of the car and repeatedly hitting her. Witnesses testified that Cantrell was the aggressor, and the victim never raised his hand or threatened Cantrell. Cantrell left the scene, went to a friend's apartment, took a knife from the kitchen, returned to the scene, and stabbed the victim, severing an artery and killing him. Cantrell initially claimed self-defense, but later testified at a *Jackson-Denno*[1] hearing that she stabbed the victim because she was mad and upset, not because she was afraid of him.

Cantrell was originally indicted for malice murder, felony murder, aggravated assault, battery, and simple battery, but that indictment was dismissed, and a new indictment was filed to reflect the charges to which Cantrell would plead guilty. Those charges were attempted murder for stabbing the victim, terroristic threats for text statements made to the victim, battery for her attack of the present girlfriend, and

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964). The purpose of a *Jackson-Denno* hearing is to determine the voluntariness of an incriminating custodial statement. See *Clark v. State*, 309 Ga. App. 749, 751 (3) (711 SE2d 339) (2011).

possession of a knife during the commission of a crime. On January 31, 2013, Cantrell entered a negotiated guilty plea to the charges. She now claims that her guilty plea was not knowingly and voluntarily entered because (1) her plea counsel rendered ineffective assistance of counsel by telling her "she would serve only 15 years" in prison, and (2) neither her plea counsel nor the prosecutor informed her that "Georgia law may preclude [her] from parole eligibility." We find no merit in either argument.

At the plea hearing, the prosecutor informed the trial court that defense counsel had agreed to the following negotiated plea: Cantrell would plead guilty to (1) attempted murder and "receive a sentence on that count of 30 years to serve in incarceration," (2) terroristic threats and "receive five years on probation consecutive," (3) battery and "receive 12 months on probation consecutive to the terroristic threats," and (4) possession of a knife during the commission of a crime and receive "five years on probation consecutive to the battery." The total sentence would be "41 years with 30 years to serve in incarceration and the balance on probation." According to the prosecutor, an attempted murder charge permitted the court to impose a longer sentence than a voluntary manslaughter charge. The prosecutor also informed the court that he had spoken with a high-ranking member of the parole board, who informed him:

this will be classified as a level eight crime, and that first consideration for parole is most likely to be beginning at 65 percent of the sentence or 75 or up to 90, so really kind of in that range. Based on that, I think 66 some percent would be a full 20 years, so it might be a little bit less than 20 years, even though at the earliest, according to that classification. That's what I am told from the parole board.

Cantrell acknowledged that she had reviewed all 40 questions in her signed plea statement form with her attorney. The court discussed all of the constitutional rights Cantrell would waive by pleading guilty, and Cantrell stated that she understood and still wished to plead guilty. Cantrell further stated that she knew the court could impose a maximum of 41 years in prison. Cantrell then denied that anyone had threatened or forced her to plead guilty and stated that no promise, other than the negotiated plea agreement, had been made by anyone which caused her to plead guilty. The trial court ultimately accepted the negotiated plea and sentenced Cantrell to a total of 41 years, with the first 30 years to be served in confinement and the remainder to be served on probation. The court stated that, while Cantrell would still spend "a very long time in prison[,]" the plea would give her "an opportunity to get out on parole earlier than [she] would if [she] were convicted of murder."

Cantrell subsequently filed a motion to withdraw her guilty plea, which the trial court denied.[2] This appeal followed.

Once a defendant has been sentenced, the decision whether to permit a withdrawal of the guilty plea is within the trial court's discretion, and a withdrawal of the plea is permitted only when necessary to correct a manifest injustice. *Reeder v. State*, 349 Ga. App. 881, 881 (827 SE2d 70) (2019). It is well settled that "withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." Id. (citation and punctuation omitted).

> When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the plea was entered voluntarily and intelligently and that the defendant had an understanding of the nature of the charges against him and the consequences of the plea. The State may meet its burden in two ways: (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

---

[2] Cantrell also filed a pro se motion to reduce or modify her sentence, which the trial court likewise denied. That ruling is not at issue in this appeal.

*Zellmer v. State*, 273 Ga. App. 609, 611 (2) (615 SE2d 654) (2005) (citation and punctuation omitted); accord *Reeder*, 349 Ga. App. at 882. Here, the State has filed a transcript of the guilty plea hearing. "The trial court is the final arbiter of all factual issues raised by the evidence, and its refusal to allow a withdrawal will not be disturbed absent a manifest abuse of discretion." *Reeder*, 349 Ga. App. at 882 (citation and punctuation omitted).

Moreover, if a defendant's motion to withdraw is based on an ineffective assistance of counsel claim, the claim must be evaluated under the two-prong test set forth in *Strickland v. Washington*.[3] See *Thompkins v. State*, 348 Ga. App. 511, 512 (1) (823 SE2d 823) (2019). To prevail on an ineffective assistance of counsel claim, a defendant must show both that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, the defendant would have elected to proceed to trial rather than enter a guilty plea. Id.; accord *Jackson v. State*, 285 Ga. 840, 841 (2) (684 SE2d 594) (2009). A strong presumption exists that counsel's conduct falls within the broad range of professional conduct expected of attorneys in criminal cases. *Thompkins*, 348 Ga. App. at 512 (1). An ineffective

---

[3] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

assistance of counsel claim is a mixed question of law and fact, and we accept the trial court's factual findings unless clearly erroneous and independently apply the law to those facts. See *Hulett v. State*, 296 Ga. 49, 60 (5) (766 SE2d 1) (2014).

1. Cantrell claims that her guilty plea was not knowingly and voluntarily entered because her plea counsel rendered ineffective assistance of counsel. According to Cantrell, plea counsel misinformed her that "she would serve only 15 years" in prison, and she "would not have pled guilty and instead would have gone to trial if she had known that she was not going to be released from prison in 15 years." The trial court in this case found that plea counsel's representation was not deficient and that, even if counsel's representation had been deficient, Cantrell failed to demonstrate prejudice. These findings are supported by the record.

Cantrell's plea counsel did not testify at the hearing on the motion to withdraw her plea, but Cantrell admitted at the hearing that plea counsel told her she would be "incarcerated for 30 years with a 65-percent chance of getting out after serving 20 years." According to Cantrell, plea counsel then told her "you're going to only do about 15 years and you should be out." Neither of these statements, however, supports Cantrell's assertion that plea counsel informed her that she would "serve only" 15 years in prison. In fact, Cantrell admitted that the prosecutor told her at her

plea hearing that "the minimum time that [she] would do was 65 percent . . . all the way to 90, 95 percent." Cantrell understood that it was up to the parole board to decide how much time she would serve in prison, and no one guaranteed her a minimum prison term. In addition, she knew that if she had pled guilty to the original charge of murder, she would not be eligible for parole for 30 years. Cantrell currently is scheduled for a parole hearing in 2034. If she is paroled at that time, it would be consistent with the information she received from both her plea counsel and the prosecutor that she would serve between 65 and 95 percent of her sentence.

Based on the evidence presented at the hearing, the trial court denied Cantrell's motion to withdraw her plea, finding as follows:

> Although Ms. Cantrell alleges that her plea counsel misrepresented her sentence, the Defendant herself explained that she was under the assumption that she had a sixty-five percent chance of serving about twenty years on a thirty year sentence. This assumption appears correct, and seems to align with what she claims her plea counsel represented, as well as the statements made by the District Attorney at her plea hearing. Furthermore, the Defendant testified that she should be eligible for possible parole in 2034. The Defendant's own testimony suggests that she will have spent about 21 years in prison before her possible parole date, which reflects her original understanding of her sentence, based on both her plea counsel's and the District Attorney's statements in 2013. Lastly, the Defendant testified that she knew her time to serve could range from a minimum of 65 percent to a maximum of 90 to 95 percent. This understanding aligns with the plea counsel's alleged statements. Accordingly, this Court finds that the Defendant failed to

8

show that the counsel's representation fell below an objective standard of reasonableness.

The trial court's factual findings and credibility determinations will be accepted unless clearly erroneous, see *Jackson*, 285 Ga. at 842 (2), and our review of the record reveals that the trial court's findings are supported by the record. The trial court, therefore, did not abuse its discretion in finding that plea counsel's representation was not deficient.

Moreover, the trial court further found that even if Cantrell's plea counsel performed deficiently by advising Cantrell that she would serve only 15 to 20 years in prison, Cantrell failed to demonstrate any prejudice based on this statement. That finding also is supported by the record.

> Where the alleged error [in counsel's representation] is one that affects the defendant's understanding of the consequences of pleading guilty, instead of asking how a hypothetical trial would have played out absent the error, we consider whether there was an adequate showing that the defendant, properly advised, would have opted to proceed with trial.

*Evelyn v. State*, 347 Ga. App. 368, 371 (819 SE2d 657) (2018). To satisfy the prejudice prong of the *Strickland* test, an appellant "must set out special circumstances that might support the conclusion that she placed particular emphasis on her parole eligibility in deciding whether or not to plead guilty." *Cox v. Howerton*,

9

290 Ga. 693, 694 (723 SE2d 891) (2012) (citation and punctuation omitted). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Evelyn*, 347 Ga. App. at 371 (citation and punctuation omitted).

Here, Cantrell offered no evidence warranting reversal of the trial court's judgment. The only basis for her claim of prejudice is her testimony that she would not have pled guilty, but would instead have proceeded to trial, if she knew she would spend longer than 15 to 20 years in prison. However, the trial court noted in its order denying Cantrell's motion to withdraw her plea that the transcript "directly conflicts with [Cantrell's] testimony" that she would have preferred a trial, and the trial court "was entitled, as it did, to discredit [Cantrell's] testimony." *Alexander v. State*, 342 Ga. App. 106, 108 (803 SE2d 88) (2017). Cantrell's negotiated plea represented a compromise of the original murder indictment, and Cantrell testified that she knew she would not have been eligible for parole for 30 years if she had pled guilty to the original charge of murder. In addition, Cantrell does not articulate any "special circumstances" that showed she placed any "particular emphasis" on her parole eligibility in determining whether to plead guilty. See *Cox*, 290 Ga. at 694. In fact,

10

at no point during her plea hearing did Cantrell ever raise the issue of parole eligibility, even after the prosecutor and trial court discussed her sentence and potential term of imprisonment.

Because the record supports the trial court's factual findings and determinations, the trial court did not clearly err in concluding that Cantrell failed to meet her burden of showing ineffective assistance of counsel under the *Strickland* test. The trial court, therefore, did not abuse its discretion when it denied Cantrell's motion to withdraw her guilty plea on the ground that plea counsel was ineffective.

2. Cantrell also asserts that her guilty plea was not knowingly and voluntarily entered because neither her plea counsel nor the prosecutor informed her that "Georgia law may preclude [her] from parole eligibility." According to Cantrell, she was charged with attempted murder under OCGA § 16-5-1, and OCGA § 17-10-6.1 (a) (1) lists murder or felony murder as a serious violent felony and does not permit parole or early release for such an offense.

First of all, Cantrell failed to raise this argument in either her motion or amended motion to withdraw her guilty plea or at the hearing on her motion. Under Georgia law, it is well settled that

[i]ssues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court.

*Jackson v. State*, 252 Ga. App. 16, 16-17 (2) (555 SE2d 240) (2001) (citation and punctuation omitted). Because we are limited to reviewing only those grounds ruled upon by the trial court, Cantrell's appeal on a ground entirely different from those raised below presents nothing for our consideration.

Moreover, even if this Court were to consider the merits of Cantrell's argument, it fails. It is undisputed that Cantrell was not charged with and did not plead guilty to murder or felony murder, so any assertion regarding the nature of her charges and her parole eligibility under OCGA § 17-10-6.1 (a) (1) is irrelevant. In addition, Cantrell acknowledged at the hearing on her motion to withdraw her guilty plea that she has a tentative parole hearing in 2034. This fact alone demonstrates that any argument Cantrell raises about the nature of her charges potentially making her ineligible for parole lacks merit. Accordingly, Cantrell has failed to demonstrate that her plea was not knowingly and voluntarily entered on this basis.

*Judgment affirmed. Rickman, C. J., and McFadden, P. J., concur.*

12