**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 19, 2024**

# In the Court of Appeals of Georgia

A24A0793, A24A0794. YOUNG v. THE STATE (two cases).

DOYLE, Presiding Judge.

After entering a negotiated guilty plea to robbery,[1] Raven Alexis Young appeals from the trial court's final sentencing order and its order denying her motion to withdraw her guilty plea.[2] Young contends that (1) her guilty plea was not entered knowingly, voluntarily, and intelligently; (2) the trial court improperly participated in

---

[1] Young was indicted for one count of armed robbery.

[2] In Case No. A24A0793, Young appeals from the trial court's final sentencing order. In Case No. A24A0794, Young appeals from the trial court's order denying her motion to withdraw her guilty plea. Because the same record, enumerations of error, and briefing apply to both cases, we have consolidated the appeals for purposes of this opinion.

plea negotiations; (3) her guilty plea was entered without a sufficient factual basis; and (4) plea counsel rendered ineffective assistance. For the reasons that follow, we affirm.

The record shows that on October 5, 2020, Young and her co-defendant arrived at a Burger King in Cobb County in a vehicle belonging to Young's mother. The co-defendant exited the vehicle and entered the Burger King, where he used a firearm to rob the workers, while Young remained in the vehicle. After exiting the Burger King, the co-defendant reentered the vehicle, which was driven away by Young.

Following their arrest, Young and her co-defendant were indicted for armed robbery. On October 11, 2023, Young entered a negotiated plea to the reduced charge of robbery. In exchange for postponement of her sentencing, Young waived her right to withdraw the guilty plea. On October 30, 2023, the trial court sentenced Young to ten years to serve with three in confinement and the remainder on probation.

Young timely filed a motion to withdraw her guilty plea, which she amended once. On November 8, 2023, the trial court convened a hearing on the motion, at which hearing Young's mother and plea counsel testified. Young did not testify at the hearing. On November 9, 2023, the trial court denied Young's motion to withdraw

her guilty plea by written order. Young now appeals the trial court's final sentencing order and its order denying her motion to withdraw her guilty plea.[3]

1. Young argues that the trial court abused its discretion by denying her motion to withdraw her guilty plea because the plea was not entered voluntarily, knowingly, and intelligently. Similarly, Young contends that she should have been allowed to withdraw her guilty plea because such withdrawal was necessary to correct a manifest injustice. We disagree.

After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion, and withdrawal of the plea is allowed only when necessary to correct a manifest injustice. The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges. . . .

When a defendant challenges the validity of [her] guilty plea in this way, the [S]tate bears the burden of showing that the defendant entered [her] plea knowingly, intelligently, and voluntarily. The [S]tate may meet

---

[3] Young does not enumerate any error particular to the sentencing order.

its burden by showing on the record of the guilty plea hearing that the defendant understood the rights being waived and possible consequences of the plea or by pointing to extrinsic evidence showing that the plea was voluntary and knowing. In evaluating whether a defendant's plea was valid, the trial court should consider all the relevant circumstances surrounding the plea.[4]

"A decision on a motion to withdraw a guilty plea is a matter for the sound discretion of the trial court and will not be disturbed absent manifest abuse."[5]

Here, Young testified at the plea hearing that she was entering a guilty plea of her own free will after consulting with her attorney, with whose services she was satisfied , and that no one had influenced her to enter the plea. Pursuant to *Boykin v. Alabama*,[6] Young expressly waived the right to trial by jury, the privilege against self-incrimination, and the right to confront her accusers, as well as other rights, both in her signed plea paperwork and during the plea colloquy. The record reflects that

[4] (Citations and punctuation omitted.) *Reeder v. State*, 349 Ga. App. 881, 881-882 (827 SE2d 70) (2019), quoting *Johnson v. State*, 303 Ga. 704, 706-707 (2) (814 SE2d 688) (2018), and *Giddens v. State*, 349 Ga. App. 392, 393 (1) (825 SE2d 824) (2019).

[5] (Punctuation omitted.) *Giddens*, 349 Ga. App. at 393 (1).

[6] 395 U. S. 238, 243 (89 SCt 1709, 23 LE2d 274) (1969).

Young was fully aware of the charge against her and its potential sentence. Thus, the evidence supports the trial court's finding that Young entered her plea voluntarily, knowingly, and intelligently.

Young's assertion that the trial court misled her into thinking that she could withdraw her plea before sentencing is unavailing. After pleading guilty, but "[b]efore [her] sentence is pronounced, a defendant has an absolute right to withdraw [her] guilty plea."[7] Nevertheless, "a criminal defendant's right under OCGA § 17-7-93 (b) to withdraw his or her guilty plea at any time prior to sentencing is a right that can be waived."[8] Here, as part of plea negotiations, Young waived her right to withdraw her guilty plea prior to sentencing in exchange for postponement of her sentence. During the plea colloquy, Young testified that she understood that she was waiving the right to withdraw her plea prior to sentencing. At the hearing on Young's motion to withdraw her guilty plea, plea counsel testified that she made a "huge point" of

---

[7] *Mahaffey v. State*, 308 Ga. 743, 745 (2) (843 SE2d 571) (2020), citing OCGA § 17-7-93 (b) ("At any time before judgment is pronounced, the accused person may withdraw the plea of guilty and plead not guilty.").

[8] *Blackwell v. State*, 299 Ga. 122, 123 (786 SE2d 669) (2016).

explaining this "very specific" waiver to Young and that counsel "did not sense any confusion about that issue."

Young's assertion that the trial court's plea colloquy misled her into believing that she could withdraw her guilty plea "once the trial court made a decision whether or not the negotiated plea terms would be accepted by the trial court" misstates the record. The trial court advised Young that if the trial court *rejected* the negotiated plea agreement, Young would have the right to withdraw her plea before the sentence was pronounced. But the trial court did not reject the negotiated plea agreement—it accepted Young's plea as negotiated. There is nothing in the record to support Young's claim that she was misled about her right to withdraw her guilty plea, particularly because Young did not testify at the hearing on her motion to withdraw her guilty plea. Accordingly, the trial court did not abuse its discretion in denying Young's motion to withdraw her guilty plea on these grounds.

Young contends that she should have been allowed to withdraw her plea to correct a manifest injustice because she "did not want to take a plea" and has "consistently," "continually, and categorically denied committing any criminal acts."

Young cites Uniform Superior Court Rule ("USCR") 33.12 (A)[9] in support of her argument. The record, however, does not support this contention. Although Young denied involvement in the robbery at the time of her arrest , she specifically testified at the plea hearing that she was guilty as charged and acknowledged that there was a factual basis for the entry of her plea. "[A] trial court's acceptance of a knowing and voluntary guilty plea with a sufficient factual basis from a defendant who is unwilling or unable to admit [her] participation in the crime does not amount to a manifest injustice[.]"[10] Accordingly, Young's argument does not present a basis for reversal of the trial court's order.

2. Young argues for the first time on appeal that the trial court erred by participating in plea negotiations in violation of USCR 33.5 (A), which provides that a "trial judge should not participate in plea discussions." Specifically, Young contends that the trial court's statement at her plea hearing that it had read the State's

---

[9] USCR 33.12 (A) provides that "[a]fter sentence is pronounced, the judge should allow the defendant to withdraw [her] plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice."

[10] (Punctuation omitted.) *Berrien v. State*, 300 Ga. 489, 492 (3) (796 SE2d 718) (2017).

OCGA § 24-4-404 (b) ("Rule 404 (b)") notice relating to another outstanding case creates the inference that the trial court was engaged in pretrial negotiations in violation of USCR 33.5 (A) and calls into question the trial court's impartiality. Young's contentions are without merit.

The State's Rule 404 (b) notice was among the matters to be taken up at a prescheduled motions calendar. But because Young and the State negotiated a plea, the motions calendar became a plea hearing. In preparation for the calendar, however, the trial court had read the State's Rule 404 (b) notice. At the plea hearing, plea counsel reminded the trial court that Young had another pending criminal matter. The trial court inquired whether this was the case referenced in the State's 404 (b) notice, and plea counsel confirmed that it was:

> COUNSEL: She has — there's — as the [c]ourt may know, there was a case in Fulton County too where she's charged.
> COURT: Okay. Just because I assumed, so when you say there's [sic] in Fulton, I've read the 404 (b). Is it that case?
> COUNSEL: Yes.

Young did not object to this exchange at any point during the proceedings below.

"Generally, to preserve appellate review of a claimed error, there must be a contemporaneous objection made on the record at the earliest possible time. Otherwise, the issue is deemed waived on appeal."[11] "Because there was no contemporaneous objection, this contention is subject only to plain error review."[12] Young concedes this in her reply brief. Under plain error review, we apply the following analysis:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means [s]he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously

---

[11] (Punctuation omitted.) *Benton v. State*, 300 Ga. 202, 205 (2) (794 SE2d 97) (2016), quoting *Spickler v. State*, 276 Ga. 164, 166-167 (5) (575 SE2d 482) (2003).

[12] *Albright v. State*, 354 Ga. App. 538, 546 (2) (841 SE2d 171) (2020).

affects the fairness, integrity[,] or public reputation of judicial proceedings.[13]

[T]he hurdle to establishing plain error is high, and . . . the failure to specifically articulate how the alleged error satisfies this high standard increases the likelihood that . . . claims in this regard will be rejected."[14]

We discern no error or bias in the trial court having read a pleading properly filed in the case and stating as much on the record. Young does not explain how a statement made after plea negotiations had concluded improperly affected those negotiations, and we will not assume error. Young cites no authority for the proposition that such conduct violates USCR 33.5 (A) or indicates bias. "An error cannot be plain where there is no controlling authority on point."[15] Young has not

---

[13] (Citation, punctuation, and emphasis omitted.) *State v. Kelly*, 290 Ga. 29, 33 (1) (718 SE2d 232) (2011)

[14] (Punctuation omitted.) *Albright*, 354 Ga. App. at 546-547 (2), quoting *Kelly*, 290 Ga. at 32 (1) n.2.

[15] (Punctuation omitted.) *State v. Herrera-Bustamante*, 304 Ga. 259, 264 (2) (b) (818 SE2d 552) (2018).

shown error, much less error that is "clear and not open to reasonable dispute."[16] Accordingly, Young's contention here does not survive plain error review.

Young also contends that plea counsel's advice that the trial court was unlikely to accept a probated sentence led her to believe that she was negotiating with the trial court. While plea counsel testified at the hearing on Young's motion to withdraw her guilty plea that she advised Young that she was unsure whether the trial court would accept a sentence of probation only , there is nothing improper about this advice. Nor would it have been error for the trial court to have stated such an inclination. USCR 33.5 (B) expressly allows a trial court to indicate whether it is likely to agree to the proposed terms of a negotiated plea.[17] Accordingly, this argument is without merit.

---

[16] (Punctuation omitted.) Id.

[17] USCR 33.5 (B) provides that "[i]f a tentative plea agreement has been reached, upon request of the parties, the trial judge may permit the parties to disclose the tentative agreement and the reasons therefor in advance of the time for the tendering of the plea. The judge may then indicate to the prosecuting attorney and defense counsel whether the judge will likely concur in the proposed disposition if the information developed in the plea hearing or presented in the presentence report is consistent with the representations made by the parties." See also *Boccia v. State*, 335 Ga. App. 687, 697 (4) (782 SE2d 792) (2016) ("A trial court is not authorized to participate in plea negotiations except to the extent of indicating whether the court is or is not likely to agree with the proposed disposition.") (punctuation omitted).

3. Young next argues that the trial court erred by accepting her guilty plea without a sufficient factual basis in violation of USCR 33.9.[18] This contention fails. The trial court properly found that there was a factual basis for Young's guilty plea at the plea hearing. The trial court reiterated this finding at the hearing on Young's motion to withdraw her guilty plea:

> COURT: I asked you a question. I said, doesn't the transcript of the plea reflect the factual basis?
> COUNSEL: It does reflect the factual basis, Judge.
> . . .
> COURT: The factual basis was that she was the getaway driver.

Young testified at the plea hearing that she was guilty of robbery and acknowledged the factual basis supporting entry of the plea. Under these circumstances, we discern no violation of USCR 33.9.

4. Finally, Young contends that she received ineffective assistance of counsel in connection with her guilty plea in several respects. To prevail on claims of ineffective assistance of counsel, Young must show that her counsel's performance

---

[18] USCR 33.9 provides that "[n]otwithstanding the acceptance of a plea of guilty, the judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea."

"was professionally deficient and that, but for the deficiency, there is a reasonable probability that [s]he would not have pled guilty and would have insisted on going to trial."[19] "'A reasonable probability is a probability sufficient to undermine confidence in the outcome. That requires a substantial, not just conceivable, likelihood of a different result.'"[20] Young has not met this burden.

(a) Young asserts that plea counsel was deficient by failing to obtain and review discovery with her. Contrary to Young's assertions, the record reflects that plea counsel filed comprehensive discovery motions and received discovery in this case. Plea counsel testified at the hearing on Young's motion to withdraw her guilty plea that she met with Young at her office and reviewed all discovery with her. The trial court found that plea counsel was credible in her testimony and that Young's

---

[19] (Citations omitted.) *Berrien*, 300 Ga. at 491 (2). See also *Hill v. Lockhart*, 474 U. S. 52, 57-59 (106 SCt 366, 88 LE2d 203) (1985).

[20] (Citation omitted.) *Thornell v. Jones*, ____ U. S. ____, ____ (II) (144 SCt 1302, 1310, 218 LE2d 626) (2024).

allegation that plea counsel had failed to provide discovery was unsubstantiated.[21] Based on this record, the trial court properly denied Young's motion in this respect.

(b) Young also argues that plea counsel was deficient for failing to pursue a motion to suppress her statements. We disagree. A motion to suppress Young's statements was among the motions plea counsel had filed in this case. At the hearing on Young's motion to withdraw her plea, plea counsel testified that she had been prepared to go forward with the motion to suppress hearing. Nevertheless, plea counsel testified that the motion to suppress did not proceed because Young made the decision to enter a guilty plea, and that had Young not wished to enter a plea, counsel would have gone forward with the motion to suppress. "[T]he decision whether or not to plead guilty belongs to the accused, not his or her attorney."[22] Young's decision to enter a plea obviated the need to hold the motion to suppress hearing, and this decision cannot be attributed to plea counsel. Additionally, the trial court found that plea counsel was reasonable in her assessment that Young was unlikely to prevail on

---

[21] See, e.g., *Glover v. State*, 300 Ga. 88, 90 (2) (793 SE2d 408) (2016) ("As the trier of fact, the trial court was entitled to judge the credibility of the witnesses . . . ."). See also *Berrien*, 300 Ga at 492 (2).

[22] (Citation omitted.) *Cammer v. Walker*, 290 Ga. 251, 254 (1) (719 SE2d 437) (2011).

the motion to suppress[23] and that Young failed to make the requisite showing that the motion to suppress would have succeeded.[24] At the hearing on the motion to withdraw her guilty plea, Young failed to support her argument with evidence — she did not call the interviewing officer to testify, nor did she tender a recording of her interview with law enforcement into evidence. Thus, the trial court's determination that plea counsel's performance was not deficient in this regard is supported by the record.[25]

(c) Young asserts that plea counsel was deficient for failing to advise Young of all possible defenses, including alibi, and for failing to advise her that statements given in violation of *Miranda v. Arizona*[26] could not be used against her. But Young did not

---

[23] See *Whatley v. State*, 342 Ga. App. 796, 806 (3) (d) (805 SE2d 599) (2017) ("[T]rial counsel's performance cannot be deemed deficient based upon her failure to raise a meritless objection to the admission of the Appellant's custodial statements.").

[24] See *Murray v. State*, 306 Ga. App. 106, 107 (701 SE2d 579) (2010) ("[W]here the ineffectiveness claim underlying the motion to withdraw the plea is based on counsel's failure to file a motion to suppress, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion.").

[25] Although not part of the record before the trial court, the appellate record reflects that Young did receive *Miranda* warnings prior to her custodial interrogation in this case, a fact that Young's post-conviction counsel acknowledged at the hearing on Young's motion to withdraw her guilty plea.

[26] 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

raise these claims in the proceedings below, and the trial court did not rule on these grounds. "[T]herefore, these issues are not preserved for appellate review by this Court."[27]

Accordingly, we affirm the trial court's denial of Young's motion to withdraw her guilty plea.

*Judgments affirmed. Hodges and Watkins, JJ., concur.*

---

[27] *Vivian v. State*, 312 Ga. 268, 274 (2) (b) (862 SE2d 138) (2021).